**Xifan LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–1322–ag.

United States Court of Appeals, Second Circuit.

May 28, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Gregory G. Katsas, Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xifan Lin, a native and citizen of the People's Republic of China, seeks review of a February 29, 2008 order of the BIA denying his motion to reopen. *In re Xifan Lin,* No. A73 148 250 (B.I.A. Feb. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lin's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Lin argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient

---

Attorney General Michael B. Mukasey as respondent in this case.

to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Although Lin argues that the agency erred in rejecting documents in the record solely based on his failure to properly authenticate them pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Lin's unauthenticated evidence where that decision was also based on contrary evidence in the record, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007).

Finally, the BIA's determination that Lin was ineligible to file a successive asylum application was not in error. *See* *Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).